UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE ANDREW BENAVIDES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-19-CA-440-DAE (HJB) |
| | § | |
| UNITED STATES PRESIDENT DONALD | § | |
| TRUMP, UNITED STATES DEPARTMENT | § | |
| OF JUSTICE, UNITED STATES FEDERAL | § | |
| BUREAU OF INVESTIGATIONS, UNITED | § | |
| STATES DEPARTMENT OF VETERANS | § | |
| AFFAIRS, UNITED STATES DEPARTMENT | § | |
| OF DEFENSE, UNITED STATES DEPART- | § | |
| MENT OF THE NAVY, UNITED STATES | § | |
| OF AMERICA, and OFFICE OF THE NAVEL | § | |
| INSPECTOR GENERAL, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable David A. Ezra, Senior United States District Judge:**

This Report and Recommendation concerns *pro se* Plaintiff's Motions for Default Judgment

against Defendants President Donald Trump, Attorney General William Barr, the U.S. Department

of the Navy, the U.S. Department of Defense, the U.S. Department of Veteran Affairs, the Federal

Bureau of Investigation, and the U.S. Department of Justice. (Docket Entries, 10, 11, 12, 13, 14, 15,

and 16.)  Pretrial matters in this case have been referred to the undersigned for consideration. (*See*

Docket Entry 17.)  For the reasons set out below, I recommend that the motions be **DENIED**.

**I.      Jurisdiction.**

Plaintiff has filed this action under the Civil Rights Act, 42 U.S.C. § 1983, asserting the

jurisdiction of this Court pursuant to 28 U.S.C. § 1343. (Docket Entry 1, at 2.)  I have authority to

issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II.   Background.

Plaintiff's complaint alleges that, while he was serving in the U.S. Marine Corps in 1993, he underwent a root canal surgery during which the Navy dental staff implanted a device in his teeth to intercept and broadcast his thoughts. (Docket Entry 1, at 2.)

This is not the first time Plaintiff has complained of this issue: he indicates that he filed a suit in this District in 2000 which was "thrown out of court" by U.S. District Judge Edward C. Prado, and that his complaints to numerous federal agencies, officers and politicians have gone unheeded. (*Id.* at 2–3.)[1]

Plaintiff filed suit on April 29, 2019. Over the following weeks, Plaintiff obtained summonses for Defendants President Trump, the Offices of the Inspector General for the Departments of the Navy, Defense Justice, and Veterans Affairs, the Federal Bureau of Investigation, and Attorney General William Barr. (Docket Entries 2, 4, and 8.) Plaintiff filed returns of these summons; the proof of service in the returned summons were either blank, or indicated that the summons had been served Plaintiff himself *via* certified mail. (Docket Entries 3, 5, 6, 7, and 9.) None of the summons were served on the United States Attorney for the Western District of Texas. None have been answered.

Plaintiff has now moved for default judgment against the parties for whom the summonses have been returned, pursuant to Federal Rule of Civil Procedure 55(b)(1). In each case he seeks a judgment of $25 million. (Docket Entries 10, 11, 12, 13, 14, 15, and 16.)

---

[1] Plaintiff does indicate that U.S. Congressman Will Hurd submitted a congressional inquiry regarding the issue, but he claims that the Navy responded by lying to the congressman. (*Id.* at 3.)

### III.   Analysis.

Federal Rule of Civil Procedure 55 states that default is to be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).  Default judgment may be entered by the Clerk of Court upon a sum certain "against a defendant who has been defaulted for not appearing," FED. R. CIV. P. 55(b)(1); however, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." FED. R. CIV. P. 55(d).  Even when federal officials are not involved, default judgments are "generally disfavored in the law" in favor of a trial upon the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).  And any default is premised on proper service; the Fifth Circuit has held that "[w]hen a district court lacks jurisdiction over a defendant because of improper service of process," any "default judgment is void and must be set aside . . . ." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

Applying these rules to the instant case, default judgment is not warranted, both because of improper service and because no right to relief has been shown against the United States, its officers or its agencies.

### A.   *Improper Service.*

Federal Rule of Civil Procedure 4(c)(2) specifies who may serve a defendant.  In particular, Rule 4(c)(2) states that service cannot be made by a person who is a party to the action. FED. R. CIV. P. 4(c)(2).  Even when service is made by mail, service must be made by someone other than Plaintiff. *See Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (affirming district court's denial of default judgment because service was improper); *Shabazz v. City*

*of Hous.*, 515 F. App'x 263, 264 (5th Cir. 2013) (affirming district court's dismissal of *pro se* litigant's complaint for lack of proper service); *Allen v. Travis*, No. Civ. A. No.3:06-CV-1361-M, 2007 WL 1989592 (N.D. Tex. July 10, 2007) (ordering the plaintiffs to make additional efforts to complete proper service when a plaintiff personally mailed defendants). "There is no exception for pro se litigants." *Avdeef*, 616 F. App'x at 672. Thus proper service has not been made in this case.

Service was improper in this case for another reason as well. Federal Rule of Civil Procedure 4(i) sets forth the procedures for serving United States agencies and officers and employees sued in their official capacities. To serve a United States agency, officer or employee, a party must serve both the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, officer or employee. *See* Fed. R. Civ. P. 4(i)(2). To serve the United States, a plaintiff must, among other things, either:

>  (i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court—or

>  (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office.

FED. R. CIV. P. 4(i)(1)(A). In this case, Plaintiff has not served a copy of the complaint on the United States as required by Rule 4.

"[P]roper service of process is a jurisdictional prerequisite to the entry of a default judgment." *Avdeef*, 616 F. App'x at 672 (citing Rogers *v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)). Because Defendants were not properly served, default is

4

inappropriate.

**B.**   *No Right to Relief.*

As noted above, Federal Rule of Civil Procedure 55(d) provides that default judgment may not be entered against the United States, its officers, or its agencies unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." FED. R. CIV. P. 55(d).   To meet this requirement, a party must show substantial evidence to support his claims.  *Carroll v. Sec'y, Dept. Health, Educ. & Welfare*, 470 F.2d 252, 256 (5th Cir. 1972).   In this case, Plaintiff has made no such substantial showing.   To the contrary, he admits that his claims have previously been rejected by this Court, and they appear to be frivolous.[2]   In such circumstances, default judgment is unavailable against the Government.

**IV.   Conclusion and Recommendation.**

For the reasons set out above, I recommend that Plaintiff's Motions for Default Judgment (Docket Entries, 10, 11, 12, 13, 14, 15, and 16) be **DENIED**.

**V.   Instruction for Service and Notice for Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.   Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).   The party shall file the

---

[2] The undersigned has today issued a show cause order requiring Plaintiff to show why his claims should not be dismissed as frivolous. (*See* Docket Entry 18.)

objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 2, 2019.

Henry J. Bemporad
United States Magistrate Judge