UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE ANDREW BENAVIDES, | § | No. 5:19-CV-440-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| UNITED STATES PRESIDENT | § | |
| DONALD TRUMP, UNITED STATES | § | |
| DEPARTMENT OF THE NAVY, | § | |
| UNITED STATES FEDERAL | § | |
| BUREAU OF INVESTIGATIONS, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| JUSTICE, UNITED STATES | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, and UNITED STATES | § | |
| DEPARTMENT OF DEFENSE, | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY
<u>TEMPORARY RESTRAINING ORDER</u>

Before the Court is a Motion for Emergency Temporary Restraining

Order ("TRO") filed by pro se Plaintiff George Andrew Benavides ("Plaintiff") on

June 19, 2020.  (Dkt. # 87.)  After careful consideration and review, the Court

**DENIES** the motion.

BACKGROUND

Plaintiff filed his original complaint on April 29, 2019.  (Dkt. # 1.)  In response to Magistrate Judge Bemporad's Order to Show Cause (Dkt. # 18), Plaintiff filed an amended complaint on October 11, 2019.  (Dkt. # 24.)  Plaintiff sought around $1.5 million in damages based on allegations that, in 1993, doctors in the United States Navy implanted devices inside Plaintiff's teeth that intercept his thoughts and broadcasts those thoughts to the Government.  (Dkt. # 24.)  In his Report and Recommendation to this Court, Magistrate Judge Bemporad concluded that Plaintiff failed to state non-frivolous claims upon which relief may be granted and failed to provide substantial evidence supporting his motions for default judgment.  (See Dkt. # 56.)  Magistrate Judge Bemporad found that Plaintiff's response to the Court's original Order to Show Cause (Dkt. # 18) was "entirely repetitive of his original complaint" as it included "no additional details that would make his claim appear plausible on its face" and that the claims occurred outside the two-year statute of limitations period for civil rights claims against the Government.  (Dkt. # 56 at 3–4.)

This Court adopted the Report and Recommendation and denied Plaintiff's eight motions for entry of default judgment, dismissing the case with prejudice as frivolous.  (Dkt. # 71.)  Plaintiff appealed, and the Fifth Circuit denied his petition for rehearing (Dkt. # 85), affirming this Court's judgment (Dkt. # 86).

Plaintiff now seeks a TRO "for the protection of evidence and documents and the safety of his life and immediate family and friends and illegal exposure to society and to the government."  (Dkt. # 87.)  Plaintiff re-asserts the arguments brought to this Court's attention in his previous filings and argues that he has met the legal requirements under Rule 65 of the Federal Rules of Civil Procedure.  (Id.)

<u>DISCUSSION</u>

The Court finds that Plaintiff provides insufficient support to merit a TRO.  To obtain a TRO, a plaintiff must establish that (1) there is a substantial likelihood that it will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction is not adverse to the public interest.  <u>Anderson v. Jackson</u>, 556 F.3d 351, 360 (5th Cir. 2009) (quoting <u>Canal Auth. v. Callaway</u>, 489 F.2d 567, 572 (5th Cir. 1974)).  Normally, if a party cannot prove all four elements, a court must deny the injunctive relief since "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."  <u>Miss. Power & Light Co. v. United Gas Pipe Line Co.</u>, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff fails to provide any reason or evidence as to why the Court should grant him such an exception.  The Court previously found Petitioner's arguments frivolous, which weighs against the first element that a plaintiff must establish to obtain a TRO.  The Court stands by its order dismissing this case and finds that Plaintiff's Motion for Emergency TRO should be denied.

<u>CONCLUSION</u>

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Emergency Temporary Restraining Order (Dkt. # 87).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 23, 2020.

David Alan Ezra
Senior United States District Judge

4